1   ANDRÉ BIROTTE JR.
United States Attorney
2   ROBERT E. DUGDALE
Assistant United States Attorney
3   Chief, Criminal Division
JOEY L. BLANCH (Cal. Bar No. 186487)
4   Assistant United States Attorney
Deputy Chief, General Crimes Section
5   YVONNE L. GARCIA (Cal. Bar No. 248285)
Assistant United States Attorney
6        1500 United States Courthouse
312 North Spring Street
7        Los Angeles, California 90012
Telephone: (213) 894-3315/0719
8        Facsimile: (213) 894-0141/3713
E-mail: joey.blanch@usdoj.gov
9             yvonne.garcia@usdoj.gov

10  LANNY A. BREUER
Assistant Attorney General
11  United States Department of Justice,
Criminal Division
12  ANDREW MCCORMACK (D.C. Bar No. 470606)
Trial Attorney
13  Child Exploitation and Obscenity Section
1400 New York Avenue, N.W., Suite 600
14       Washington, DC 20005
Telephone: (202) 353-2057
15       Facsimile: (202) 514-1793
E-mail: andrew.mccormack@usdoj.gov
16
Attorneys for Plaintiff
17  UNITED STATES OF AMERICA

18

19                    UNITED STATES DISTRICT COURT

20              FOR THE CENTRAL DISTRICT OF CALIFORNIA

21  UNITED STATES OF AMERICA,        ) CR No. 09-68B-VBF-[11]
                                     )
22                   Plaintiff,      ) PLEA AGREEMENT FOR DEFENDANT
                                     ) JONATHON SUDDUTH
23              v.                   )
                                     )
24  HAROUT HAGOP SARAFIAN,           )
     et al. -- JONATHON SUDDUTH,     )
25                                   )
                                     )
26              Defendants.          )
                                     )
27  _____

28

1      1.   This constitutes the plea agreement between JONATHON

2  SUDDUTH ("defendant") and the United States Attorney's Office for

3  the Central District of California ("the USAO") in the above-

4  captioned case.   This agreement is limited to the USAO and cannot

5  bind any other federal, state, local, or foreign prosecuting,

6  enforcement, administrative, or regulatory authorities.

7                          DEFENDANT'S OBLIGATIONS

8      2.   Defendant agrees to:

9           a) At the earliest opportunity requested by the USAO

10  and provided by the Court, appear and plead guilty to count two

11  of the Second Superseding Indictment in <u>United States v. Harout</u>

12  <u>Hagop Sarafian, et al.</u>, CR No. 09-68B-VBF (conspiracy to

13  advertise child pornography in violation of Title 18, United

14  States Code, Section 2251(d), (e)).

15          b) Not contest facts agreed to in this agreement.

16          c) Abide by all agreements regarding sentencing factors

17  contained in this agreement.

18          d) Appear for all court appearances, surrender as

19  ordered for service of sentence, obey all conditions of any bond,

20  and obey any other ongoing court order in this matter.

21          e) Not commit any crime; however, offenses that would

22  be excluded for sentencing purposes under United States

23  Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines")

24  § 4A1.2(c) are not within the scope of this agreement.

25          f) Be truthful at all times with Pretrial Services, the

26  United States Probation Office, and the Court.

27          g) Pay the applicable special assessment at or before

28

                                    2

1   the time of sentencing unless defendant lacks the ability to pay

2   and submits a completed financial statement (form OBD-500) to the

3   USAO prior to sentencing.

4         h) Agree to and not oppose the imposition of the

5   following conditions of probation or supervised release:

6            (1)   The defendant shall use only those computers

7   and computer-related devices, screen user names, passwords, email

8   accounts, and internet service providers ("ISPs"), as approved by

9   the Probation Officer.  Computers and computer-related devices

10  include, but are not limited to, personal computers, personal

11  data assistants ("PDAs"), internet appliances, electronic games,

12  and cellular telephones, as well as their peripheral equipment,

13  that can access, or can be modified to access, the internet,

14  electronic bulletin boards, and other computers, or similar

15  media;

16           (2)   All computers, computer-related devices, and

17  their peripheral equipment, used by the defendant, shall be

18  subject to search and seizure and the installation of search

19  and/or monitoring software and/or hardware, including unannounced

20  seizure for the purpose of search.  The defendant shall not add,

21  remove, upgrade, update, reinstall, repair, or otherwise modify

22  the hardware or software on the computers, computer-related

23  devices, or their peripheral equipment, nor shall he hide or

24  encrypt files or data without prior approval of the Probation

25  Officer.  Further, the defendant shall provide all billing

26  records, including telephone, cable, internet, satellite, and the

27  like, as requested by the Probation Officer;

28           (3)   The defendant shall register with the state

3

1  sex offender agency in any state where the defendant resides, is
2  employed, carries on a vocation, or is a student, as directed by
3  the Probation Officer.  The defendant shall provide proof of
4  registration to the Probation Officer within 72 hours of release
5  from imprisonment/placement on probation or supervised release;

6  　　　　　(4)  The defendant shall participate in a
7  psychological counseling and/or psychiatric treatment and/or a
8  sex offender treatment program, as approved and directed by the
9  Probation Officer.  The defendant shall abide by all rules,
10 requirements, and conditions of such program, including
11 submission to risk assessment evaluations and physiological
12 testing.  Placement in inpatient treatment shall require notice
13 to defense counsel and the advance approval of the Court.  The
14 Probation Officer shall disclose the presentence report and/or
15 any previous mental health evaluations or reports to the
16 treatment provider;

17 　　　　　(5)  As directed by the Probation Officer, the
18 defendant shall pay all or part of the costs of treating the
19 defendant's psychological/psychiatric disorder(s) to the
20 aftercare contractor during the period of community supervision,
21 pursuant to Title 18, United States Code, Section 3672.  The
22 defendant shall provide payment and proof of payment, as directed
23 by the Probation Officer;

24 　　　　　(6)  The defendant shall not possess any
25 materials, including pictures, photographs, books, writings,
26 drawings, videos, or video games, depicting and/or describing
27 "sexually explicit conduct," as defined by Title 18, United
28 States Code, Section 2256(2).  The condition prohibiting

4

1 defendant from possessing materials describing "sexually explicit
2 conduct" does not apply to materials necessary to and used for
3 legal proceedings in this or another criminal prosecution against
4 defendant, including a collateral attack or appeal, or to
5 materials prepared or used for the purposes of defendant's court-
6 mandated sex offender treatment;

7      (7)   The defendant shall not possess any
8 materials, including pictures, photographs, books, writings,
9 drawings, videos, or video games, depicting and/or describing
10 child pornography, as defined in Title 18, United States Code,
11 Section 2256(8).  The condition prohibiting defendant from
12 possessing materials describing child pornography does not apply
13 to materials necessary to and used for legal proceedings in this
14 or another criminal prosecution against defendant, including a
15 collateral attack or appeal, or to materials prepared or used for
16 the purposes of defendant's court-mandated sex offender
17 treatment;

18      (8)   The defendant shall not own, use or have
19 access to the services of any commercial mail-receiving agency,
20 nor shall he/she open or maintain a post office box, without the
21 prior approval of the Probation Officer;

22      (9)   The defendant shall not frequent, or loiter,
23 within 100 feet of school yards, parks, public swimming pools,
24 playgrounds, youth centers, video arcade facilities, or other
25 places primarily used by persons under the age of 18;

26      (10) The defendant shall not associate or have
27 verbal, written, telephonic, or electronic communication with any
28 person under the age of 18, except: (a) in the presence of the

5

1  parent or legal guardian of said minor; and (b) on the condition
2  that the defendant notify said parent or legal guardian of his
3  conviction in the instant offense/prior offense.  This provision
4  does not encompass persons under the age of 18, such as waiters,
5  cashiers, ticket vendors, etc., with whom the defendant must deal
6  with in order to obtain ordinary and usual commercial services;

7       (11)  The defendant shall not affiliate with, own,
8  control, volunteer and/or be employed in any capacity by a
9  business and/or organization that causes him/her to regularly
10 contact persons under the age of 18;

11      (12)  The defendant shall not affiliate with, own,
12 control, and/or be employed in any capacity by a business whose
13 principal product is the production and/or selling of materials
14 depicting and/or describing "sexually explicit conduct," as
15 defined at Title 18, United States Code, Section 2256(2);

16      (13)  The defendant's employment shall be approved
17 by the Probation Officer, and any change in employment must be
18 pre-approved by the Probation Officer.  The defendant shall
19 submit the name and address of the proposed employer to the
20 Probation Officer at least 10 days prior to any scheduled change;

21      (14)  The defendant shall not reside within 2,000
22 feet of school yards, parks, public swimming pools, playgrounds,
23 youth centers, video arcade facilities, or other places primarily
24 used by persons under the age of 18.  The defendant's residence
25 shall be approved by the Probation Officer, and any change in
26 residence must be pre-approved by the Probation Officer.  The
27 defendant shall submit the address of the proposed residence to
28 the Probation Officer at least 10 days prior to any scheduled

1   move.

THE USAO'S OBLIGATIONS

3       3.   The USAO agrees to:

4           a) Not contest facts agreed to in this agreement.

5           b) Abide by all agreements regarding sentencing factors

6   contained in this agreement.

7           c) At the time of sentencing, move to dismiss the

8   remaining counts of the indictment as against defendant,

9   including the remaining objects of the conspiracy charged in

10  count two.   Defendant agrees, however, that at the time of

11  sentencing the Court may consider the dismissed counts in

12  determining the applicable Sentencing Guidelines range, the

13  propriety and extent of any departure from that range, and the

14  sentence to be imposed after consideration of the Sentencing

15  Guidelines and all other relevant factors under Title 18, United

16  States Code, Section 3553(a).

17          d) At the time of sentencing, provided that defendant

18  demonstrates an acceptance of responsibility for the offense up

19  to and including the time of sentencing, recommend a two-level

20  reduction in the applicable Sentencing Guidelines offense level,

21  pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary,

22  move for an additional one-level reduction if available under

23  that section.

NATURE OF THE OFFENSE

25      4.   Defendant understands that for defendant to be guilty of

26  the crime charged in count two of the Second Superseding

27  Indictment (violation of Title 18, United States Code, Sections

28  2251(d)(1), (e)), the following must be true:

7

a)   Beginning on a date unknown and continuing to January 2009, there was an agreement between defendant and at least one other person to advertise child pornography in violation of Title 18, United States Code, Sections 2252(d)(1); and

b)   Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

The elements of Title 18, United States Code, Sections 2251(d)(1), (e) are as follows:

a)   A person knowingly made, printed or published, or caused to be made, printed or published, any notice or advertisement;

b)   The notice or advertisement sought or offered to receive, exchange, buy, produce, display, distribute or reproduce any visual depiction;

c)   The production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such depiction is of such conduct; and

d)   The person knew or had reason to know such notice or advertisement was transported in interstate or foreign commerce by computer.

Defendant admits that defendant is, in fact, guilty of this offense as described in count two of the Second Superseding Indictment.

PENALTIES AND RESTITUTION

5.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18,

United States Code, Sections 2251(d)(1), (e), is: 30 years of imprisonment; a lifetime period of supervised release; a fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100. Defendant also understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Sections 2251(d)(1), (e), is: 15 years of imprisonment and a 5-year period of supervised release.

6. Defendant understands and agrees that pursuant to Title 18, United States Code, Section 2259, defendant will be required to make full restitution to the victims of the offenses. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the amount of restitution is not restricted to the amounts alleged in the count to which defendant is pleading guilty and may include losses arising from counts dismissed pursuant to this agreement as well as all relevant conduct in connection with those counts.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9

1      8.   Defendant understands that, by pleading guilty,

2  defendant may be giving up valuable government benefits and

3  valuable civic rights, such as the right to vote, the right to

4  possess a firearm, the right to hold office, and the right to

5  serve on a jury.  Defendant understands that once the court

6  accepts defendant's guilty plea, it will be a federal felony for

7  defendant to possess a firearm or ammunition.  Defendant

8  understands that the conviction in this case may also subject

9  defendant to various other collateral consequences, including but

10  not limited to revocation of probation, parole, or supervised

11  release in another case and suspension or revocation of a

12  professional license.  Defendant understands that unanticipated

13  collateral consequences will not serve as grounds to withdraw

14  defendant's guilty plea.

15      9.   Defendant understands that as a condition of supervised

16  release, under Title 18, United States Code, Section 3583(d),

17  defendant will be required to register as a sex offender.

18  Defendant understands that independent of supervised release, he

19  will be subject to federal and state registration requirements,

20  for a possible maximum term of registration up to and including

21  life.  Defendant further understands that, under Title 18, United

22  States Code, Section 4042(c), notice will be provided to certain

23  law enforcement agencies upon his release from confinement

24  following conviction.

25      10.   Defendant understands that, if defendant is not a

26  United States citizen, the felony conviction in this case may

27  subject defendant to removal, also known as deportation, which

28  may, under some circumstances, be mandatory.  The court cannot,

10

1  and defendant's attorney also may not be able to, advise

2  defendant fully regarding the immigration consequences of the

3  felony conviction in this case.  Defendant understands that by

4  entering a guilty plea defendant waives any claim that unexpected

5  immigration consequences may render defendant's guilty plea

6  invalid.

7                        FACTUAL BASIS

8      11.   Defendant and the USAO agree to the statement of facts

9  provided below.  Defendant and the USAO agree that this statement

10  of facts is sufficient to support a plea of guilty to the charge

11  described in this agreement and to establish the Sentencing

12  Guidelines factors set forth in paragraph 13 below, but is not

13  meant to be a complete recitation of all facts relevant to the

14  underlying criminal conduct or all facts known to either party

15  that relate to that conduct.

16      At all relevant times:

17      •    defendant and others were members of an Internet-based,
            members-only bulletin board known as "Lost Boy"; and

18

19      •    Lost Boy was located on an Internet server in Texas,
            but also operated in every location where a member of
20          the bulletin board accessed it through the Internet,
            including the Central District of California.

21  Defendant joined the most recent version of Lost Boy on or
    about May 29, 2008.  At the time defendant joined Lost Boy,
22  he knew that the main purpose of Lost Boy was to provide a
    forum for the trading of child pornography.  Defendant knew
23  that Lost Boy was reserved for serious traders of child
    pornography; by its very nature, membership in Lost Boy
24  constituted an offer to receive, exchange, display,
    distribute, and reproduce child pornography.  Defendant also
25  know that Lost Boy is dedicated to "boylovers" -- men who
    have a sexual interest in young boys.

26
    Among the means and methods by which defendant and other
27  Lost Boy members conduct and participate in the conduct of
    the affairs of Lost Boy are the following:

28

- Members of Lost Boy are encouraged and required to post images and videos directly into the "Pictures" and "Videos" fora on the message board; use the "Links" forum to post messages including links to other password-protected child pornography websites; and use the dedicated online storage space associated with Lost Boy (the "FTP," or "File Transfer Protocol" site) to maintain a massive and secure private library of child pornography that is available for viewing or download only by members.

- Members of Lost Boy can post images of boys they find attractive, even if the image is not pornographic, but the majority of the images and videos of children posted on the message board are sexual in nature, and are child pornography.

- Any posts to Lost Boy not dealing with child pornography, a member's sexual interest in boys, or board membership and security matters must be posted in the "off topic" forum.

- Once a Lost Boy member has made a post to Lost Boy, any other member may post comments on the post.  For instance, a member can post a picture of child pornography, and other members who view it can post how much they like the picture, and ask for similar pictures to be posted.

- Lost Boy has written rules, including one that requires members to notify everyone on the message board if they or another member are contacted by law enforcement.

- The group recommends that Lost Boy members use encryption software to protect their collection of child pornography.  The group also discusses the use of proxy servers, which mask an Internet user's true Internet Protocol address, allowing members to hide their identity.

- Lost Boy members communicate with one another extensively about their private collections of child pornography images, as well as their ongoing contact with children in the United States and abroad.

- In order to improve the mechanisms by which Lost Boy members can trade child pornography, Lost Boy members maintain a Rapid Share account for all of the members to use to share child pornography material.  Rapid Share is a hosting company that facilitates file sharing by allowing users to quickly download large amounts of content from the Rapid Share servers. Members routinely upload child pornography to Rapid Share and then provide other Board members with access to it.

12

In furtherance of the conspiracy to use the Lost Boy message board to advertise the receipt, exchange, display, distribution and reproduction of child pornography amongst members, in interstate and foreign commerce, defendant actively participated in Lost Boy.  Using the screen name "Trent," defendant made approximately 27 public posts to other message board users.  In these messages, defendant commented on child pornography posted by other members, and asked other members to post child pornography onto Lost Boy. For example:

- On or about May 30, 2008, an unidentified Lost Boy member using the screen name "Mr. Bean" posted a message titled "P101" in the "Pictures" section of the message board.  He subsequently posted two responsive messages to his own "P101" post.  Each of the three messages contained thumbnail images which, when clicked, expand to full-size images.  These thumbnail images depict, among other things, prepubescent boys being anally penetrated by adult men, an adult man touching the erect penis of a prepubescent child, and prepubescent boys orally copulating each other and adult men.  Mr. Bean also posted a message claiming that he has "apprx 5,000 pics in 1gig+."  On or about June 2, 2008, defendant posted a responsive message stating, "I would LOVE it if someone uploaded all the pics into sever .rar files ^_^"

- On or about September 8, 2008, a member of Lost Boy posted a message to the "Pictures" section of the message board titled "Dec 6th."  This post contains 19 thumbnail images which, when clicked, expand to full-size images.  The images depict two minor boys.  In one of the images, both boys are masturbating.  In another, one boy is anally penetrating the other boy with his penis.  Between September 10 and September 14, 2008, another member of Lost Boy member using the screen name "Ghost" posted responsive messages which indicated that he had "some fills," which means more images in the same child pornography series, and provided an Internet address where the "fills" could be found.  On or about September 17, 2008, an unidentified Lost Boy member using the screen name "Orphee" posted a responsive message expressing difficulty accessing the website Ghost had indicated contained the fills.  On or about September 17, 2008, defendant posted a responsive message assisting Lost Boy member Orphee in accessing the child pornography "fills."  Specifically, defendant stated "its in the upload area" and provided a user name and password to allow Orphee to access the fills.

- On or about September 24, 2008, an unidentified Lost Boy member using the screen name "Orphee" posted a message titled "Make your choyce III" to the "Videos" section of Lost Boy.  This post contained six contact

13

sheets, each of which contains approximately 30 images. One of these contact sheets, titled "shanghaididi.mpg," contains an image that depicts a naked prepubescent boy being anally penetrated by an adult male penis. Another image on the same contact sheet depicts the adult male masturbating the boy while anally penetrating him with his penis. On or about September 24, 2008, defendant posted a responsive message asking for these child pornography images to be uploaded to Lost Boy.

- On or about October 14, 2008, another Lost Boy member, using the screen name "Blinkinglight28," posted a message titled "b-depao" to the "Videos" section of Lost Boy. This post contained a contact sheet containing approximately 50 images of two naked prepubescent boys. One of the images on the contact sheet depicts one of the boys performing oral sex on the other boy. Another image depicts one of the boys anally penetrating the other boy's anus with his tongue. That same day, an unidentified member of Lost Boy using the screen name "Orphee" posted a responsive message containing four additional contact sheets. Three of these contact sheets contain images depicting the same naked boys depicted in Blinkinglight28's original post. In the contact sheets posted by Orphee, the images depict the boys masturbating themselves and each other, and them performing oral sex on one another. The next day, on or about October 15, 2008, defendant posted a responsive message asking that Blinkinglight28 and Orphee post the videos, not just the contact sheets. Specifically, defendant's post stated, "Hey would you mind uploading them for us? - hugs - Thanks in advance."

At relevant time defendant joined Lost Boy and at all times relevant while he participated in Lost Boy, he agreed that the Lost Boy board was itself a notice and advertisement, seeking and offering to receive, exchange, buy, produce, display, distribute and reproduce visual depictions of minors engaged in sexually explicit conduct, where the production of these images involved the use of minors engaged in sexually explicit activity. Defendant also agreed that Lost Boy members would use Lost Boy to post notices and advertisements seeking and offering to receive, exchange, buy, produce, display, distribute and reproduce visual depictions of minors engaged in sexually explicit conduct, where the production of these images involved the use of minors engaged in sexually explicit activity. Defendant knew that Lost Boy existed on the Internet, a means of interstate and foreign commerce, and that any notices and advertisements made on Lost Boy would be transported in interstate and foreign commerce through using the Internet.

14

SENTENCING FACTORS

12.   Defendant understands that in determining defendant's sentence the Court is required to consider the factors set forth in Title 18, United States Code, Section 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the Sentencing Guidelines.  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other Section 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 22 | [U.S.S.G. § 2G2.2(a)(2)] |
| Specific Offense Characteristics | | | |
| Age of victim under 12 | : | +2 | [U.S.S.G. § 2G2.2(b)(2)] |
| Distribution for receipt of a thing of value (other images) | : | +5 | [U.S.S.G. § 2G2.2(b)(3)(B)] |
| Material that portrays sadistic or masochistic conduct | : | +4 | [U.S.S.G. § 2G2.2(b)(4)] |
| Pattern of activity involving the sexual abuse/exploitation of a minor | : | +5 | [U.S.S.G. § 2G2.2(b)(5)] |
| Use of computer | : | +2 | [U.S.S.G. § 2G2.2(b)(6)] |

1    600 or more images  :    +5   [U.S.S.G. § 2G2.2(b)(7)(A)]

2  Defendant and the USAO reserve the right to argue that additional

3  specific offense characteristics, adjustments, and departures

4  under the Sentencing Guidelines are appropriate.  Defendant

5  understands that defendant's offense level could be increased if

6  defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.

7  If defendant's offense level is so altered, defendant and the

8  USAO will not be bound by the agreement to Sentencing Guideline

9  factors set forth above.

10    14.  Defendant understands that there is no agreement as to

11  defendant's criminal history or criminal history category.

12    15.  Defendant and the USAO reserve the right to argue for a

13  sentence outside the sentencing range established by the

14  Sentencing Guidelines based on the factors set forth in Title 18,

15  United States Code, Section 3553(a)(1), (a)(2), (a)(3), (a)(6),

16  and (a)(7).

17                 WAIVER OF CONSTITUTIONAL RIGHTS

18    16.  Defendant understands that by pleading guilty,

19  defendant gives up the following rights:

20         a) The right to persist in a plea of not guilty.

21         b) The right to a speedy and public trial by jury.

22         c) The right to the assistance of an attorney at trial,

23  including the right to have the Court appoint an attorney to

24  represent defendant at trial.  Defendant understands, however,

25  that, despite defendant's guilty plea, defendant retains the

26  right to be represented by an attorney -- and, if necessary, to

27  have the Court appoint an attorney if defendant cannot afford one

28  -- at every other stage of the proceeding.

1          d) The right to be presumed innocent and to have the

2     burden of proof placed on the government to prove defendant

3     guilty beyond a reasonable doubt.

4          e) The right to confront and cross-examine witnesses

5     against defendant.

6          f) The right to testify on defendant's own behalf and

7     present evidence in opposition to the charges, including calling

8     witnesses and subpoenaing those witnesses to testify.

9          g) The right not to be compelled to testify, and, if

10    defendant chose not to testify or present evidence, to have that

11    choice not be used against defendant.

12         h) Any and all rights to pursue any affirmative

13    defenses, Fourth Amendment or Fifth Amendment claims, and other

14    pretrial motions that have been filed or could be filed.

15                 WAIVER OF RETURN OF DIGITAL DATA

16         17.  Understanding that the government has in its possession

17    digital devices and/or digital media seized from defendant,

18    defendant waives any right to the return of digital data

19    contained on those digital devices and/or digital media and

20    agrees that if any of these digital devices and/or digital media

21    are returned to defendant, the government may delete all digital

22    data from those digital devices and/or digital media before they

23    are returned to defendant.

24                 WAIVER OF APPEAL OF CONVICTION

25         18.  Defendant understands that, with the exception of an

26    appeal based on a claim that defendant's guilty plea was

27    involuntary, by pleading guilty defendant is waiving and giving

28    up any right to appeal defendant's conviction on the offense to

1 which defendant is pleading guilty.

2                    WAIVER OF APPEAL AND COLLATERAL ATTACK

3       19.  Defendant gives up the right to appeal all of the

4 following: (a) the procedures and calculations used to determine

5 and impose any portion of the sentence; (b) the term of

6 imprisonment imposed by the Court, provided it is within the

7 statutory maximum; (c) the fine imposed by the court, provided it

8 is within the statutory maximum; (d) the term of probation or

9 supervised release imposed by the Court, provided it is within

10 the statutory maximum; and (e) any of the following conditions of

11 probation or supervised release imposed by the Court: the

12 standard conditions set forth in General Orders 318, 01-05,

13 and/or 05-02 of this Court; the drug testing conditions mandated

14 by Title 18, United States Code, Sections 3563(a)(5) and 3583(d);

15 the alcohol and drug use conditions authorized by Title 18,

16 United States Code, Section 3563(b)(7); and the conditions of

17 probation or supervised release agreed to by defendant in

18 paragraph 2 above.  Defendant retains the right to appeal any

19 order of restitution.

20      20.  Defendant also gives up any right to bring a post-

21 conviction collateral attack on the conviction or sentence,

22 including any order of restitution, except a post-conviction

23 collateral attack based on a claim of ineffective assistance of

24 counsel, a claim of newly discovered evidence, or an explicitly

25 retroactive change in the applicable Sentencing Guidelines,

26 sentencing statutes, or statutes of conviction.

27      21.  The USAO agrees that, provided all portions of the

28 sentence are at or above the statutory minimum and at or below

                                    18

the statutory maximum specified above, the USAO gives up its
right to appeal any portion of the sentence, with the exception
that the USAO reserves the right to appeal the amount of
restitution ordered.

RESULT OF WITHDRAWAL OF GUILTY PLEA

22.   Defendant agrees that if, after entering a guilty plea
pursuant to this agreement, defendant seeks to withdraw and
succeeds in withdrawing defendant's guilty plea on any basis
other than a claim and finding that entry into this plea
agreement was involuntary, then (a) the USAO will be relieved of
all of its obligations under this agreement; and (b) should the
USAO choose to pursue any charge that was either dismissed or not
filed as a result of this agreement, then (i) any applicable
statute of limitations will be tolled between the date of
defendant's signing of this agreement and the filing commencing
any such action; and (ii) defendant waives and gives up all
defenses based on the statute of limitations, any claim of pre-
indictment delay, or any speedy trial claim with respect to any
such action, except to the extent that such defenses existed as
of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

23.   Defendant agrees that if the count of conviction is
vacated, reversed, or set aside, both the USAO and defendant will
be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

24.   This agreement is effective upon signature and
execution of all required certifications by defendant,
defendant's counsel, and an Assistant United States Attorney.

19

## BREACH OF AGREEMENT

25.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

26.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

20

1     c) Defendant agrees that: (i) any statements made by
2  defendant, under oath, at the guilty plea hearing (if such a
3  hearing occurred prior to the breach); (ii) the agreed to factual
4  basis statement in this agreement; and (iii) any evidence derived
5  from such statements, shall be admissible against defendant in
6  any such action against defendant, and defendant waives and gives
7  up any claim under the United States Constitution, any statute,
8  Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the
9  Federal Rules of Criminal Procedure, or any other federal rule,
10  that the statements or any evidence derived from the statements
11  should be suppressed or are inadmissible.

12            COURT AND PROBATION OFFICE NOT PARTIES
13     27.  Defendant understands that the Court and the United
14  States Probation Office are not parties to this agreement and
15  need not accept any of the USAO's sentencing recommendations or
16  the parties' agreements to facts or sentencing factors.
17     28.  Defendant understands that both defendant and the USAO
18  are free to: (a) supplement the facts by supplying relevant
19  information to the United States Probation Office and the Court,
20  (b) correct any and all factual misstatements relating to the
21  Court's Sentencing Guidelines calculations, and (c) argue on
22  appeal and collateral review that the Court's Sentencing
23  Guidelines calculations are not error, although each party agrees
24  to maintain its view that the calculations in paragraph 13 are
25  consistent with the facts of this case.  While this paragraph
26  permits both the USAO and defendant to submit full and complete
27  factual information to the United States Probation Office and the
28  Court, even if that factual information may be viewed as

1    inconsistent with the facts agreed to in this agreement, this

2    paragraph does not affect defendant's and the USAO's obligations

3    not to contest the facts agreed to in this agreement.

4         29.   Defendant understands that even if the Court ignores

5    any sentencing recommendation, finds facts or reaches conclusions

6    different from those agreed to, and/or imposes any sentence up to

7    the maximum established by statute, defendant cannot, for that

8    reason, withdraw defendant's guilty plea, and defendant will

9    remain bound to fulfill all defendant's obligations under this

10   agreement.   Defendant understands that no one -- not the

11   prosecutor, defendant's attorney, or the Court -- can make a

12   binding prediction or promise regarding the sentence defendant

13   will receive, except that it will be within the statutory

14   maximum.

15                     NO ADDITIONAL AGREEMENTS

16        30.   Defendant understands that, except as set forth herein,

17   there are no promises, understandings, or agreements between the

18   USAO and defendant or defendant's attorney, and that no

19   additional promise, understanding, or agreement may be entered

20   into unless in a writing signed by all parties or on the record

21   in court.

22   //

23   //

24   //

25   //

26   //

27   //

28   //

                                  22

1    PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2         31.   The parties agree that this agreement will be

3    considered part of the record of defendant's guilty plea hearing

4    as if the entire agreement had been read into the record of the

5    proceeding.

6    AGREED AND ACCEPTED

7    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF CALIFORNIA
8
     ANDRÉ BIROTTE JR.
9    United States Attorney

10

11   _____        2/28/11_____
     JOEL L. BLANCH                      Date
12   YVONNE L. GARCIA
     Assistant United States Attorneys
13

14

15   _____        2/26/11_____
     JONATHON SUDDUTH                    Date
16   Defendant

17   _____        2/26/2011_____
     MICHAEL MAYOCK                      Date
18   Attorney for Defendant
19   Jonathon Sudduth

20

21

22

23

24

25

26

27

28

                              23

<u>CERTIFICATION OF DEFENDANT</u>

1

2     I have read this agreement in its entirety.  I have had

3  enough time to review and consider this agreement, and I have

4  carefully and thoroughly discussed every part of it with my

5  attorney.  I understand the terms of this agreement, and I

6  voluntarily agree to those terms.  I have discussed the evidence

7  with my attorney, and my attorney has advised me of my rights, of

8  possible pretrial motions that might be filed, of possible

9  defenses that might be asserted either prior to or at trial, of

10  the sentencing factors set forth in Title 18, United States Code,

11  Section 3553(a), of relevant Sentencing Guidelines provisions,

12  and of the consequences of entering into this agreement.  No

13  promises, inducements, or representations of any kind have been

14  made to me other than those contained in this agreement.  No one

15  has threatened or forced me in any way to enter into this

16  agreement.  I am satisfied with the representation of my attorney

17  in this matter, and I am pleading guilty because I am guilty of

18  the charges and wish to take advantage of the promises set forth

19  in this agreement, and not for any other reason.

20

21  _____          2/26/11
    JONATHON SUDDUTH                     Date
22  Defendant

23

24

25

26

27

28

24

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Jonathon Sudduth's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in Title 18, United States Code, 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

MICHAEL MAYOCK                    2/26/2011
Attorney for Defendant            Date
Jonathon Sudduth

25